

April 23, 2018

VIA ECF

Hon. Christina Reiss
United States District Court
For the District of Vermont
P.O. Box 446
Burlington, VT 05402-0466

      **RE:**   *Migrant Justice, et al., v. U.S. Department of Homeland Security, et al*
              No. 2:17-CV-197

Dear Judge Reiss,

      In accordance with the Second Joint Status Report, Plaintiffs write to update the Court on the status of negotiations for a stipulated production order, including the production of a *Vaughn* index. Doc. No. 21; *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973) (describing a *Vaughn* index). The Parties have been unable to reach agreement on a stipulated production schedule.

      Plaintiffs filed this action on October 11, 2017, seeking "declaratory, injunctive, and other appropriate relief to compel the release of agency records" from the U.S. Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), and Customs and Border Patrol ("CBP"), concerning a series of immigration enforcement actions against Plaintiffs that appears to be in retaliation for Plaintiffs' outspoken advocacy for workers' human, labor, and civil rights. Plaintiffs submitted the FOIA requests at issue in this action on April 26, 2017, and July 17, 2017.

      Plaintiffs have sought a stipulated production order from Defendants since at least December 2017, but the Parties have been unable to come to an agreement. Plaintiffs have worked with Defendants to craft appropriate searches where possible, but have now been waiting for almost a year for the records responsive to Plaintiffs' April FOIA Request and for over nine months for the records responsive to the July FOIA Request. Defendants produced minimal records until the filing of this lawsuit and since then have been slow to complete searches or produce documents.

www.nilc.org

LOS ANGELES (Headquarters)
3450 Wilshire Blvd. Box #108 – 62
Los Angeles, CA 90010
213 639-3900
213 639-3911 fax

WASHINGTON, DC
PO Box No. 34573
Washington, DC 20043
202 216-0261
202 216-0266 fax

Defendant DHS has yet to produce any documents through this litigation. After DHS's original search returned a significant number of non-responsive hits, Plaintiffs conferred with Defendants' counsel about DHS search capabilities and provided Defendants with proposed searches in good faith on January 9, 2018.[1] In early February, Defendants' counsel informed Plaintiffs that the searches were still producing too many non-responsive hits and that Defendant DHS would identify and limit searches to specific offices that they believed would have responsive material. Defendant DHS refused to set forth a time frame for production. However, Defendant DHS did not propose the specific offices that they would search until Thursday, April 19, 2018.

Defendant CBP has been similarly delayed in producing records. As noted in the Joint Status Report filed February 12, 2018, CBP was expected to produce records to Plaintiffs by March 2, 2018. Plaintiffs did not receive records until 45 days later, on April 16, 2018. Defendant ICE produced records on March 19, 2018, and April 19, 2018, and is expected to produce additional documents by May 21, 2018. However, Defendant ICE has stated that the May production will not include records responsive to Items No. 5 or 6 of the April FOIA Request, or Item No. 3 of the July FOIA Request. The ICE productions received to date have been extensively redacted.

In order to efficiently resolve this case, Plaintiffs respectfully request that the Court issue an Order for Defendants to provide an estimate of the number of outstanding responsive records and to hold a case management conference to set dates for record production, a *Vaughn* index, and dispositive motions. Plaintiffs recognize that the Court typically requires the submission of a Discovery Schedule pursuant to Local Rule 26(a),[2] but believe that discovery is premature at this stage given the outstanding record production and that the need for discovery is better resolved at the summary judgment stage. *See e.g. Rutolo v. Dep't of Justice, Tax Div.*, 53 F.3d 4, 11 (2d Cir. 1995) (holding that discovery should have been granted to aid in plaintiffs' opposition to summary judgment motion); *El Badrawi v. DHS*, 583 F. Supp. 2d 285, 299-301 (D. Conn. 2008) (denying summary judgment and permitting discovery on adequacy of search where defendants' affidavits and *Vaughn* index were insufficient to carry the agencies' burden to conduct reasonable searches). Plaintiffs respectfully propose that a Scheduling Order to set dates for document production and dispositive motions would be appropriate at the case management conference,[3] as FOIA actions are typically resolved on motions for summary judgment. *See*

---

[1] The Joint Status Report listed this date as January 19, 2018 in error. Plaintiffs sent proposed searches for DHS to Defendants' counsel on January 9, 2018.

[2] On December 27, 2017, the Court stayed the Parties' obligation to file a schedule under Local Rule 26(a). Doc. No. 15.

[3] Courts routinely enter scheduling orders tailored to FOIA cases and some courts exempt FOIA as a matter of course from the typical discovery schedule. *See e.g.* U.S. Dist. Crt. for Dist. of Columbia, Local Civ. R. 26.2(a)(9) (exempting FOIA actions from initial disclosures), and Local

*Bloomer v. U.S. Dep't of Homeland Sec.*, 870 F. Supp. 2d 358, 364 (D. Vt. 2012) (Reiss, J.) ("[I]t has been held that 'FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified.'"); *Families for Freedom v. U.S. Customs and Border Prot.*, 797 F. Supp. 2d 375, 385 (S.D.N.Y. 2011) ("FOIA cases are generally and most appropriately resolved on motions for summary judgment."). Plaintiffs intend to continue negotiating in good faith regarding the parameters of the outstanding searches and propose the following deadlines in order to be in a position to efficiently proceed with this case at the case management conference:

- By May 7, 2018, Defendants submit to the Court the anticipated number of outstanding records responsive to Plaintiffs' FOIA Requests;
- By May 14, 2018, the Parties each submit a proposed schedule to the Court;
- The Court hold a case management conference during the week of May 14 or 22, 2018, or otherwise at the Court's earliest convenience, to set a schedule for record production and the filing of dispositive motions.

Plaintiffs contacted Defendants regarding this schedule. Defendants do not agree, but did not propose alternative dates.

Sincerely,

/s/  *Trudy S. Rebert*

| | |
|---|---|
| Trudy S. Rebert* | Lia Ernst |
| National Immigration Law Center | ACLU Foundation of Vermont |
| PO Box 721361 | P.O. Box 277 |
| Jackson Heights, NY 11372 | Montpelier, VT 05601 |
| 646-867-8793 | 802-223-6304 |
| rebert@nilc.org | lernst@acluvt.org |
| | |
| Josh Stehlik* | Claudia Wilner* |
| National Immigration Law Center | National Center for Law and Economic Justice |
| 3450 Wilshire Boulevard, #108-62 | 275 Seventh Avenue, Suite 1506 |
| Los Angeles, CA 90010 | New York, NY 10001-6860 |
| 213-639-3900 | 212-633-6967 |
| stehlik@nilc.org | wilner@nclej.org |

\* Appearing *pro hac vice*

*Attorneys for Plaintiffs*

---

Civ. R. 16.3(b)(10) (exempting FOIA actions from duty to confer regarding Fed. R. Civ. P. 26(f) and from Fed. R. Civ. P. 16(b)).

**Certificate of Service**

I hereby certify that on April 23, 2018, I electronically filed the above using the CM/ECF system, which will provide service and send notification of such filing to counsel for Defendants, Owen Foster.

_/s/ Trudy S. Rebert_
Trudy S. Rebert
National Immigration Law Center
PO Box 721361
Jackson Heights, NY 11372
646-867-8793
rebert@nilc.org
