UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| MIGRANT JUSTICE and MATT CAMERON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:17-CV-197 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS AND BORDER PROTECTION, and UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' APRIL 23, 2018 LETTER REQUEST FOR PROPOSED DEADLINES

On April 23, 2018, Plaintiffs submitted via letter a request for proposed deadlines in connection with this Freedom of Information Act (FOIA) litigation. Defendants submit this response and propose an alternative schedule to that submitted by Plaintiffs.

### I. BACKGROUND

Plaintiffs have submitted two sets of FOIA requests that include nine separate document requests to three Government agencies. Plaintiffs' first request was submitted April 26, 2017 (April Request) and sought production from the United States Customs and Border Protection (CBP), the United States Immigration and Customs Enforcement (ICE), and the United States Department of Homeland Security (DHS) (together, the Defendant Agencies). Doc. 11-2. The April Request included six separate and distinct records requests from each of the Defendant Agencies. On July 17, 2017, Plaintiffs sent a second FOIA request that included three additional records requests from each of the Defendant Agencies (July Request). Doc. 11-3.

The universe of documents responsive to these requests is enormous, with potentially responsive hits in the tens of thousands of pages of documents, if not the hundreds of thousands. In an ongoing effort to provide Plaintiffs with documents in a timely manner, Defendant Agencies have undertaken significant efforts to identify a reasonable scope of production, including appropriately targeted search terms and sets of custodians. Simultaneous to the parties' efforts to identify reasonable search terms and custodians, Defendants have produced documents on a rolling basis. Since Plaintiffs filed their Amended Complaint on December 19, 2017, the Government has produced to Plaintiffs documents responsive to six of the nine requests from two of the Defendant Agencies. In total the Defendant Agencies have produced approximately 1,618 pages of documents to Plaintiffs since December 2017 and by the end of this month will have produced over 2,000 pages of documents. CBP has produced 731 pages of documents; ICE has produced approximately 887 pages of documents, and will be producing approximately 500 additional pages of documents around May 21, 2018.

## II. OUTSTANDING REQUESTS

The only requests that remain outstanding are those to DHS, and as to each defendant, April Request numbers 5, 6, and July Request number 3.

April Request number 6 and July Request number 3 are unduly burdensome and unlikely to result in responsive, non-privileged documents as they target privileged attorney-client communications and attorney work product. These requests seek:

> All Records created, sent, received, referenced, and/or used in fulfilling and/or responding to any of the foregoing parts of this Request.

April Request number 5 is unduly burdensome in that it fails to identify any topic or subject matter and merely requests all documents from any of the three Defendant

Agencies that contain any of twenty-three separate search terms. Specifically, this request reads:

> All Records in the possession of DHS and its sub-agencies in Vermont containing one or more of the following words or terms: "organizer," "activist," "farm," "farmworker," "dairy," "milk," "union," "protest," "campaign," "sensitive location," "court," "courthouse," "school," "church," "hospital," "legislature," "governor," "S. 79," "sanctuary," "detainer," "executive order," "informant," or "concerned citizen."

The scope of this request is enormous given the general nature of many of the terms and the number of employees at each of the Defendant Agencies. Simply put, this request falls far short of the requirement that a FOIA request reasonably describe the records sought and to allow the Defendant Agencies to locate responsive records with a reasonable amount of effort. *See Marks v. DOJ*, 578 F.2d 261, 263 (9th Cir. 1978) ("broad, sweeping requests lacking specificity are not permissible"); *Mason v. Callaway*, 554 F.2d 129, 131 (4th Cir. 1977) (affirming lower court finding that request did not reasonably describe records sought since it was broad and lacked specificity). This request would force each Defendant Agency and its outside counsel to review any document from any CBP, DHS, or ICE employee that, for example, contains the term "protest," "court," "Governor," or "school." April Request number 5 would thus impose a massive undertaking requiring the Defendant Agencies to sift through an enormous volume of records to find the proverbial needle in the haystack. Such fishing expeditions are improper. *See e.g., Dale v. IRS*, 238 F. Supp. 2d 99, 104-05 (D.D.C. 2002) (concluding that request seeking "'<u>any</u> and <u>all</u> documents . . . that refer or relate in any way'" to requestor failed to reasonably describe agency records sought and "amounted to an all-encompassing fishing expedition of files at [agency's] offices across the country, at taxpayer expense"). Request number 5 -- consisting of a collection of search terms -- also fails to provide the Government with an adequate basis to

3

determine which documents would be responsive and which would not.  The Government has inquired as to what the request is aimed at but has not received a response.

Despite the breadth and undue burden of these requests, the Defendant Agencies have sought to negotiate with Plaintiffs to conform the requests to the applicable standards, including reasonableness and proportionality.  Those efforts have taken place over the last several weeks and include efforts to limit search terms and custodians.  While the Defendant Agencies believe each of the outstanding requests is improper, they are willing to continue to engage with Plaintiffs to avoid burdening the Court and to provide Plaintiffs with documents responsive to what they are actually looking for and that are tethered to an identified subject matter and available with a "reasonable amount of effort."  H.R. Rep. No. 93-876, at 6 (1974), reprinted in 1974 U.S.C.C.A.N. 6267, 6271; *see, e.g., Truitt v. Dep't of State*, 897 F.2d 540, 544-45 (D.C. Cir. 1990) (discussing legislative history of 1974 FOIA amendments as related to requirements for describing requested records).  The parties' efforts are ongoing and require a reasonable amount of time for the parties to exchange proposals and for the Defendant Agencies to run searches to determine whether the universe of potentially responsive documents is reasonable or not.

### III. DEFENDANT AGENCIES' PROPOSAL REGARDING THE OUTSTANDING REQUESTS

The Defendant Agencies propose that the parties be provided until June 1, 2018, to resolve any disputes regarding the breadth and specificity of April Request number 5 and the propriety of April Request number 6 and July Request number 3.  If the parties are unable to reach such an agreement by June 1, then the issues as to the reasonableness of the requests will be ripe for summary judgment.

As to the production outstanding from DHS, the Government proposes that it provide Plaintiffs with a count of potentially responsive documents to all requests other than those that may be challenged (as described above) within twenty-one days of the May 8, 2018 Status Conference and Case Management Conference and thereafter begin a rolling production to Plaintiffs every thirty days.

**CONCLUSION**

For the foregoing reasons, the Government submits that the parties be granted until June 1, 2018, to resolve any disputes relating to April Request numbers 5 and 6, and July Request number 3, and for DHS to provide Plaintiffs a count of potentially responsive documents by May 29, and thereafter produce documents on a rolling basis every thirty days.

Dated: May 4, 2018.

                                        Respectfully submitted,

                                        CHRISTINA E. NOLAN
                                        United States Attorney

By:   /s/ *Owen Foster*
        Owen C.J. Foster
        Assistant U.S. Attorney
        P.O. Box 570
        Burlington, VT 05402-0570
        (802) 951-6725
        Owen.c.j.foster@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| MIGRANT JUSTICE and MATT CAMERON, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:17-CV-197 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES CUSTOMS AND BORDER PROTECTION, and UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

I, Meghan Finkbeiner, Legal Assistant for the United States Attorney's Office for the District of Vermont, do hereby certify that I electronically filed the **DEFENDANTS' RESPONSE TO PLAINTIFFS' APRIL 23, 2018 LETTER REQUEST FOR PROPOSED DEADLINES** with the Clerk of the Court using the CM/ECF system, which will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF party:

Lia Ernst, Esq.

Dated at Burlington, in the District of Vermont this 4th day of May, 2018.

*/S/ Meghan Finkbeiner*
Meghan Finkbeiner
Legal Assistant